

**Littler Mendelson, P.C.**
900 Third Avenue
New York, NY 10022.3298

Kevin K. Yam
212.583.2674 direct
212.583.9600 main
kyam@littler.com

June 3, 2019

**VIA ECF**
Hon. Ann Donnelly, U.S.D.J.
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Juan Carlos Torres Ibarra, et al. v. W & L Group Construction Inc., et al.
       Case No. 1:19-cv-01582-AMD-SMG (E.D.N.Y.)

Dear Judge Donnelly:

This firm represents Defendant W & L Group Construction Inc. ("W & L Group") in the above-referenced matter. Per Your Honor's Individual Rule 4.A.i, W & L Group submits this letter motion to request a pre-motion conference in connection with its anticipated motion to dismiss under Federal Rules of Civil Procedure Rule ("Rule") 12(b)(6).

**I.     Preliminary Statement and Relevant Pleaded Facts**

Plaintiffs filed their Complaint against W & L Group on March 19, 2019. *See* Dkt. 1. In their Complaint, Plaintiffs allege the following causes of action: (1) violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for failure to pay minimum wage, (2) violation of the FLSA and NYLL for failure to pay overtime, and (3) violation of the NYLL for failure to provide wage statements. Plaintiffs' bare-bones and boilerplate 18-page Complaint must be dismissed against W & L Group because they have failed to plead any facts that W & L Group was their employer, and as a result, they have failed to establish any standing to pursue their claims against W & L Group. Plaintiffs' claims against W & L Group are nothing more than a formulaic recitation of various prongs of the "economic reality" test. Specifically, Plaintiffs are only able to muster the following insufficient allegations to support their causes of action:

- "All all relevant time, [Plaintiffs] were and still are "employees" within the meaning of all applicable statutes." Compl. ¶ 8.
- W & L Group "is an 'employer' and an 'enterprise in commerce or in the production of goods for commerce' as those phrases are defined in the FLSA." Compl. ¶ 9.
- "Defendants[1] employed Plaintiffs as full-time [c]onstruction workers from at least February 2011 until present time." Compl. ¶ 11.

---

[1] It must be noted that Plaintiffs do not allege that W & L Group specifically employed, paid, and/or scheduled them for their work and conflates Defendants to include "John Does 1-25," who are not pleaded with any factual detail and are otherwise unknown to Plaintiffs.

Judge Ann Donnelly
June 3, 2019
Page 2

- "Defendants paid Plaintiff Cortez and others at a rate approximately $360.00 per week and failed to pay minimum wage and overtime at a rate of one and one-half times the minimum wage after forty hours per week." Compl. ¶ 13.
- "Defendants paid Plaintiff and others at a rate approximately $480.00 per week and failed to pay minimum wage and overtime at a rate of one and one-half times the minimum wage after forty hours worked per week." Compl. ¶¶ 15-17.

Based on these allegations in the Complaint, Plaintiffs have not – and cannot – plead any factual allegations to support their claims that W & L Group employed them, and as such, W & L Group should be dismissed as a party to this action.

## II.  Legal Standard

In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The required pleading standard is applicable to claims brought under the FLSA and, where a complaint does not contain factual allegations sufficient to demonstrate the liability of a defendant as an employer of the plaintiffs, dismissal of the complaint is warranted. *See Bai v. Zhuo,* No. 13 Civ. 05790(ILG)(SMG), 2014 WL 2645119, at *5 (E.D.N.Y. June 13, 2014).

## III.  Plaintiffs Fail to Plead That W & L Group Employed Them

Only an "employer" can be liable for violations of the FLSA and the NYLL.  The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to the employee."  29 U.S.C. § 203(d).[2] The definition of "employ" under the FLSA "includes to suffer or permit to work."  *Id*. The Second Circuit has held that "the determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in 'economic reality rather than technical concepts," determined by reference not to 'isolated factors, but rather upon the circumstances of the whole activity.'" *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 141 (2d Cir. 2008).[3] An employment relationship exists under the FLSA when the "economic reality" is such that the "alleged employer possessed the power to control the workers in question."  *Herman v. RSR Sec. Servs.  Ltd*., 172 F.3d 132, 139 (2d Cir. 1999).

To determine whether a particular defendant was an "employer" under the FLSA and NYLL, the Second Circuit has set forth four factors describing formal control by an employer.  These factors are "whether the alleged employer (1) had the power to hire and fire employees, (2) supervised

---

[2] Courts have applied the same analysis to determine if an entity or individual is an "employer" under the FLSA as NYLL. *Wolman v. Catholic Health Sys. of Long Island, Inc*., 853 F. Supp. 2d 290, 296 n.4 (E.D.N.Y. 2012).

[3] "[B]ecause the FLSA and New York Labor Law employ similar standards with respect to employment status, [the economic reality] test has been used to analyze both federal and state wage claims." *Cannon v. Douglas Elliman. LLC*, No. 06 Civ. 7092, 2007 WL 4358456, at *4 (S.D.N.Y. Dec. 10, 2007).

Judge Ann Donnelly
June 3, 2019
Page 3

and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess County Community College*, 735 F. 2d 8, 12 & n.3 (2d Cir. 1984). "[N]o one of the four factors standing alone is dispositive. Instead, the 'economic reality' test encompasses the totality of circumstances, no one of which is exclusive." *Id.* <u>Here</u>, it is clear that Plaintiffs have not met the requirements of the "economic realities test." Indeed, aside from formulaic recitations from the economic realities test, nowhere does Plaintiffs allege with any factual details that W & L Group had the power to hire and fire them, supervise or control their work, determined their rates of pay, or maintain their employment records. *See* Compl. ¶¶ 8, 9, 11, 13, 15-17.

In the absence of formal control under the *Carter* factors, a defendant may be characterized as an "employer" for FLSA purposes if it exercises functional control over the workers in question. To assess whether a putative employer exercised functional control over a worker, courts will consider "(1) whether the alleged employer's premises and equipment were used for the Plaintiffs' work; (2) whether Plaintiffs shifted from one putative joint employer's premises to that of another; (3) the extent to which the work performed by Plaintiffs was integral to the overall business operation; (4) whether Plaintiffs' work responsibilities remained the same regardless of where they worked; (5) the degree to which the alleged employer or its agents supervised Plaintiffs' work, and (6) whether Plaintiffs worked exclusively or predominantly for one Defendant." *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 71–72 (2d Cir.2003). <u>Here</u>, the Complaint "contains so little detail as to effectively disable the Court from applying the *Zheng* or other functional factors" to determine whether W & L Group had functional control over Plaintiffs. *Yeh v. Han Dynasty, Inc.*, Case No. 1:18-cv-06018-PAE, 2019 WL 633355, at *8 (S.D.N.Y. Feb. 14, 2019). For example, the Complaint fails to appropriately address any of the above-referenced *Zheng* factors, which are critical to finding whether W & L Group was an employer under the functional control test. Such bare-bones allegations are not even close to addressing any of the first 4 factors of the *Zheng* test. With respect to W & L Group's supervision of Plaintiffs' work (the fifth factor of the *Zheng* test), Plaintiffs are completely silent. Specifically, Plaintiffs' formulaic allegation that "Defendants monitored Plaintiffs' compliance with its guidelines, procedures, and policies by periodically reviewing Plaintiffs' work performance, and by sending supervisors and individuals from management to periodically observe them" sets forth no factual explanation or detail as to their supervisors' relationship with W & L Group and whether W & L Group controlled their work and/or pay. Compl. ¶ 22. Finally, besides their boilerplate allegations, Plaintiffs also fail to address the sixth factor as to whether Plaintiffs worked exclusively or predominantly for only W & L Group. As such, it is undisputed that Plaintiffs failed to satisfy their burden to plead that W & L Group had functional control over them.

### IV.    <u>Conclusion</u>

Based upon the foregoing, W & L Group respectfully requests a pre-motion conference for permission to file its anticipated motion to dismiss the Complaint due to Plaintiffs' failure to state a cause of action against it under Rule 12(b)(6).

Judge Ann Donnelly
June 3, 2019
Page 4

Respectfully submitted,

/s/ Kevin K. Yam

Kevin K. Yam

Cc:     David A. Feinerman, Esq., Attorney for Plaintiffs (Via ECF)