UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN CARLOS TORRES IBARRA, FELIX ARGENIS ARGULO DIAZ, and REYNALDO MARTINEZ CORTEZ, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>-against-<br><br>W & L GROUP CONSTRUCTION INC. and JOHN DOES 1-25,<br><br>Defendants. | Case No. 1:19-cv-01582-AMD-SMG |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT W & L GROUP CONSTRUCTION INC.'S**
**MOTION TO DISMISS THE COMPLAINT**

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ................................................................................................... 1

RELEVANT PLEADED FACTS ................................................................................................. 2

LEGAL STANDARDS ................................................................................................................. 3

LEGAL ARGUMENT ................................................................................................................... 4

I. THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFFS FAIL TO PLEAD THAT W & L GROUP EMPLOYED THEM ................................................. 4

    A.    To Establish Standing In A FLSA Collective Action, Plaintiffs Must Demonstrate They Are or Were Employees Of W & L Group ............................ 4

    B.    Plaintiffs Fail to Plead that They Were Employees of W & L Group ................... 6

        1.    Plaintiffs Fail to Plead that W & L Group Had Formal Control Over Them ................................................................................................. 9

        2.    Plaintiffs Also Fail to Plead that W & L Group Had Functional Control Over Them ............................................................................... 11

CONCLUSION ............................................................................................................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................................................3

*Bai v. Zhuo*,
  No. 13 Civ. 05790(ILG)(SMG), 2014 WL 2645119 (E.D.N.Y. June 13, 2014) ..................4, 7

*Barfield v. N.Y.C. Health & Hosps. Corp.*,
  537 F.3d 132 (2d Cir. 2008) .....................................................................................................5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................................................3

*Cannon v. Douglas Elliman. LLC*,
  No. 06 Civ. 7092, 2007 WL 4358456 (S.D.N.Y. Dec. 10, 2007) .............................................5

*Carter v. Dutchess County Community College*,
  735 F. 2d 8 (2d Cir. 1984) ................................................................................................5, 6, 7

*Chen v. Domino's Pizza, Inc.*,
  2009 U.S. Dist. Lexis 96362 (D.N.J. 2009) .............................................................................4

*Dejesus v. HF Mgmt. Servs., LLC*,
  726 F.3d 85 (2d Cir. 2013) .......................................................................................................8

*DeSilva v. North Shore–Long Island Jewish Health Sys.*,
  770 F.Supp.2d 497 (E.D.N.Y.2011) .........................................................................................8

*Goldberg v. Whitaker House Coop., Inc.*,
  366 U.S. 28, 33 (1961) ..............................................................................................................5

*Greenawalt v. AT&T Mobility LLC*,
  642 Fed. App'x 36 (2d Cir. 2016) ............................................................................................6

*Herman v. RSR Sec. Servs. Ltd.*,
  172 F.3d 132 (2d Cir. 1999) ...............................................................................................5, 10

*Hugee v. SJC Group, Inc.*,
  No. 13 Civ. 0423(GBD), 2013 WL 4399226 (S.D.N.Y. Aug. 14, 2013) ............................9, 10

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*,
  No. 11 CIV. 6366 PAC, 2012 WL 3886555 (S.D.N.Y. Sept. 6, 2012) .....................................7

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Olvera v. Bareburger Grp. LLC*,
   73 F. Supp. 3d 201 (S.D.N.Y. 2014)......................................................................................4

*Sampson v. MediSys Health Network, Inc.*,
   2012 WL 3027838 (E.D.N.Y. July 24, 2012) ...................................................................5, 11

*Wolman v. Catholic Health Sys. of Long Island, Inc.*,
   853 F. Supp. 2d 290 (E.D.N.Y. 2012) ...................................................................................4

*Yeh v. Han Dynasty, Inc.*,
   Case No. 1:18-cv-06018-PAE, 2019 WL 633355 (S.D.N.Y. Feb. 14, 2019).......................6, 11

*Zheng v. Liberty Apparel Co.*,
   355 F.3d 61 (2d Cir.2003)...............................................................................................6, 11, 12

**Statutes**

29 U.S.C. § 203(d) ......................................................................................................................4

Fair Labor Standards Act (FLSA)........................................................................................ *passim*

New York Labor Law (NYLL).......................................................................................1, 2, 4, 5

Defendant W & L Group Construction Inc. ("Defendant" or "W & L Group"), through its attorneys of record, Littler Mendelson, P.C, submits this Memorandum of Law in Support of its Motion to Dismiss the Complaint ("Complaint") of Plaintiffs Juan Carlos Torres Ibarra, Felix Argenis Argulo Diaz, and Reynaldo Martinez Cortez (collectively, "Plaintiffs") pursuant to the Federal Rules of Civil Procedure ("FRCP" or "Rule") 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiffs filed their Complaint against W & L Group on March 19, 2019. *See* Dkt. 1. In their Complaint, Plaintiffs allege the following causes of action: (1) violation of the Fair Labor Standards Act ("FLSA") for failure to pay minimum wage and overtime, (2) violation of the New York Labor Law ("NYLL") for failure to pay minimum wage and overtime, and (3) violation of the NYLL for failure to provide wage notices and statements.

However, Plaintiffs' bare-bones and boilerplate Complaint must be dismissed against W & L Group because they have failed to plead any facts that W & L Group was their employer, and as a result, they have failed to establish any standing to pursue their claims against W & L Group. More specifically, there are no factual allegations in Plaintiffs' 18-page Complaint to establish that they were ever employed by W & L Group, and, thus, Plaintiffs' claims against W & L Group must be dismissed. As discussed in detail below, Plaintiffs' claims against W & L Group are nothing more than a formulaic recitation of various prongs of the "economic reality" test, which do not include any supporting facts or details to establish an employment relationship with W & L Group.

Accordingly, W & L Group's motion to dismiss the Complaint must be granted in its entirety.

## **RELEVANT PLEADED FACTS**

Plaintiffs assert a variety of wage-and-hour claims against W & L Group arising under the FLSA and the NYLL. *See* Compl. ¶¶ 62-77. However, Plaintiffs fail to allege any employment relationship between W & L Group and them. Specifically, Plaintiffs are only able to muster the following insufficient allegations to support their causes of action:

> Plaintiffs "are current employees of Defendants", and "were and still are 'employees' within the meaning of all applicable statutes." *See* Compl. ¶ 8.
>
> "Defendants[1] employed Plaintiffs as full-time [c]onstruction workers from at least February 2011 until [the] present time. Plaintiffs' duties included all work[] required by a construction worker." *See* Compl. ¶ 11.
>
> Plaintiff Cortez worked from February 2011 to the present, "six (6) days per week at a minimum of eleven (11) hours per day, totaling at least sixty six (66) hours worked per week." *See* Compl. ¶ 12.
>
> "Defendants paid Plaintiff Cortez and others at a rate [of] approximately $360.00 per week and failed to pay minimum wage and overtime at a rate of one and one-half times the minimum wage after forty hours per week." *See* Compl. ¶ 13.
>
> Plaintiff Diaz worked from April 2014 until June 2018, "six (6) days per week at a minimum of eleven (11) hours per day, totaling at least sixty-six (66) hours worked per week." *See* Compl. ¶ 14.
>
> "Defendants paid Plaintiff [Diaz] and others at a rate [of] approximately $480.00 per week and failed to pay minimum wage and overtime at a rate of one and one-half times the minimum wage after forty hours per week." *See* Compl. ¶ 15.
>
> Plaintiff Ibarra worked from January 2014 until August 2018, "six (6) days per week at a minimum of eleven (11) hours per day, totaling at least sixty-six (66) hours worked per week." *See* Compl. ¶ 16.

---

[1] Significantly, it must be noted that Plaintiffs do not allege that W & L Group specifically employed, paid, and/or scheduled them for their work and conflates Defendants to include "John Does 1-25," who are not described with any factual detail and are otherwise unknown to Plaintiffs. *See* Compl., p. 1.

2.

> "Defendants paid Plaintiff [Ibarra] and others at a rate [of] approximately $480.00 per week and failed to pay minimum wage and overtime at a rate of one and one-half times the minimum wage after forty hours per week." *See* Compl. ¶ 17.
>
> "Plaintiffs were otherwise subject to the control, policies and procedures of Defendants in making decisions in the course of their employment." *See* Compl. ¶ 21.
>
> "Defendants monitored Plaintiffs' compliance with its guidelines, procedures, and policies by periodically reviewing Plaintiffs' work performance, and by sending supervisors and individuals from management to periodically observe them." *See* Compl. ¶ 22.

Based on these allegations in the Complaint, Plaintiffs have not – and cannot – plead any factual allegations to support their claims that W & L Group specifically and/or jointly employed them. Because Plaintiffs have failed to adequately allege an employment relationship with — or any facts that give rise to any wage-and-hour claims against W & L Group, W & L Group should be dismissed as a party to this action.

## **LEGAL STANDARDS**

In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A complaint that only "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

The required pleading standard is applicable to claims brought under the FLSA and, where a complaint does not contain factual allegations sufficient to demonstrate the liability of a

defendant as an employer of the plaintiffs, dismissal of the complaint is warranted. *See Bai v. Zhuo,* No. 13 Civ. 05790(ILG)(SMG), 2014 WL 2645119, at *5 (E.D.N.Y. June 13, 2014); *Olvera v. Bareburger Grp. LLC*, 73 F. Supp. 3d 201, 204 (S.D.N.Y. 2014) ("The facts pled must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.") (internal quotation marks omitted); *see, e.g.*, *Chen v. Domino's Pizza, Inc.*, 2009 U.S. Dist. Lexis 96362 (D.N.J. 2009) (granting motion to dismiss because "Plaintiffs have not pled facts sufficient to show that an employment relationship exists between them and Domino's. Plaintiffs simply make the conclusory statement that Domino's is an employer 'within the meaning of 29 U.S.C. § 203(d) and [New Jersey law].' The complaint fails to make any specific allegations against Domino's to support this contention.").

## LEGAL ARGUMENT

I. **THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFFS FAIL TO PLEAD THAT W & L GROUP EMPLOYED THEM**

   A. **To Establish Standing In A FLSA Collective Action, Plaintiffs Must Demonstrate They Are or Were Employees Of W & L Group**

Only an "employer" can be liable for violations of the FLSA and the NYLL. The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to the employee." 29 U.S.C. § 203(d).[2] The definition of "employ" under the FLSA "includes to suffer or permit to work." *Id*.

The Second Circuit has held that "the determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in 'economic reality rather than technical concepts," determined by reference not to 'isolated factors, but rather upon the

---

[2] Courts have applied the same analysis to determine if an entity or individual is an "employer" under the FLSA as NYLL. *Wolman v. Catholic Health Sys. of Long Island, Inc*., 853 F. Supp. 2d 290, 296 n.4 (E.D.N.Y. 2012) ("The standards by which a court determines whether an entity is an 'employer' under the FLSA also govern the determination under New York labor law.") (citations omitted).

circumstances of the whole activity.'" *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 141 (2d Cir. 2008) (quoting *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961)).[3]

An employment relationship exists under the FLSA when the "economic reality" is such that the "alleged employer possessed the power to control the workers in question." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999).

To determine whether a particular defendant was an "employer" under the FLSA and NYLL, the Second Circuit has set forth four factors describing formal control by an employer. These factors are "whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess County Community College*, 735 F. 2d 8, 12 & n.3 (2d Cir. 1984) (internal citations omitted) (recognizing the need for case-by-case analysis because "the statute's definitions are stated only in the broadest terms"). "[N]o one of the four factors standing alone is dispositive. Instead, the 'economic reality' test encompasses the totality of circumstances, no one of which is exclusive." *Id.* (citations omitted.); *see Sampson v. MediSys Health Network, Inc.*, 2012 WL 3027838, at *4 (E.D.N.Y. July 24, 2012) (dismissing FLSA claims where "[t]here [were] no facts that indicate that [the defendant] had any direct role in hiring or firing the plaintiffs or that it supervised or controlled their work schedules" ... or to "indicate that [the defendant] had any direct role in controlling the plaintiffs' conditions of employment or in determining their rate and method of payment").

---

[3] "[B]ecause the FLSA and New York Labor Law employ similar standards with respect to employment status, [the economic reality] test has been used to analyze both federal and state wage claims." *Cannon v. Douglas Elliman. LLC*, No. 06 Civ. 7092, 2007 WL 4358456, at *4 (S.D.N.Y. Dec. 10, 2007).

5.

In the absence of formal control under the *Carter* factors, a defendant may be characterized as an "employer" for FLSA purposes if it exercises functional control over the workers in question. To assess whether a putative employer exercised functional control over a worker, courts will consider "(1) whether the alleged employer's premises and equipment were used for the Plaintiffs' work; (2) whether Plaintiffs shifted from one putative joint employer's premises to that of another; (3) the extent to which the work performed by Plaintiffs was integral to the overall business operation; (4) whether Plaintiffs' work responsibilities remained the same regardless of where they worked; (5) the degree to which the alleged employer or its agents supervised Plaintiffs' work, and (6) whether Plaintiffs worked exclusively or predominantly for one Defendant." *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 71–72 (2d Cir.2003). The *Zheng* factors are "most relevant in the context of subcontractor relationships, to determine whether a general contractor exerts sufficient control over the subcontractor's workers to support a finding of employer status." *See Yeh v. Han Dynasty, Inc.*, Case No. 1:18-cv-06018-PAE, 2019 WL 633355, at *6 (S.D.N.Y. Feb. 14, 2019) (citing *Greenawalt v. AT&T Mobility LLC*, 642 Fed. App'x 36, 37 (2d Cir. 2016)).

### B. Plaintiffs Fail to Plead that They Were Employees of W & L Group

Here, Plaintiffs have not satisfied the economic reality test with respect to pleading that W & L Group was their employer. **The Complaint does not plead facts tending to demonstrate that W & L Group is accountable for Plaintiffs' employment or pay or had any control (formal or functional) over them**. In other words, there is not one allegation in the Complaint that presents any facts as to the employer-employee relationship between Plaintiffs and W & L Group. *See generally* Compl.

6.

To establish that a defendant is the employer under the FLSA, the plaintiffs must connect the defendant to the allegations of wrongdoing or show that the defendant exerts significant control over the employment of the plaintiffs. *See Carter*, 735 F. 2d at 12; *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, No. 11 CIV. 6366 PAC, 2012 WL 3886555, at *10 (S.D.N.Y. Sept. 6, 2012). Other than alleging in a conclusory manner that Plaintiffs "are current[4] employees of Defendants", and that "Defendants employed Plaintiffs as full time [c]onstruction workers from at least February 2011 until [the] present time", Plaintiffs have not set forth any factual details to establish the existence of any employment relationship with W & L Group. *See* Compl. ¶¶ 8, 11.

**The most troubling aspect of Plaintiffs' Complaint is that, besides lacking specific factual allegations concerning W & L Group's alleged employment of Plaintiffs, Plaintiffs do not appear to even know who actually employed or controlled them**. *See Bai* 2014 WL 2645119, at *3 (dismissing Plaintiff's amended complaint because: (1) Plaintiff's allegations that the corporate defendant "controlled the conditions of his employment [were] too vague" and (2) Plaintiff failed to actually allege that the corporate defendant "controlled the employment conditions" of Plaintiff even though Plaintiff alleged that the corporate defendant participated in the operation of the restaurant."). Here, for example, Plaintiffs use boilerplate language, alleging that "Plaintiffs were otherwise subject to the control, policies and procedures of Defendants in making decisions in the course of their employment" and that "Defendants monitored Plaintiffs' compliance with its guidelines, procedures, and policies by periodically reviewing Plaintiffs' work performance, and by sending supervisors and individuals from management to periodically observe them." *See* Compl. ¶¶ 21-22. However, Plaintiffs do not indicate how W & L Group

---

[4] This is contradictory because Plaintiffs themselves also allege that two of them, namely Plaintiff Diaz and Plaintiff Ibarra, no longer work for "Defendants". *See* Compl. ¶¶ 14, 16.

7.

specifically controlled Plaintiffs' employment, scheduled Plaintiffs' work schedules, paid Plaintiffs, and hired/fired Plaintiffs, and fail to detail how W & L Group is related to those construction projects that Plaintiffs allegedly worked on. What is most striking and incredulous is that Plaintiffs do not even specify any project names, street names, addresses, or a more specific location of the construction projects where they allegedly performed work. *See Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 91 (2d Cir. 2013) (citing *DeSilva v. North Shore–Long Island Jewish Health Sys.,* 770 F.Supp.2d 497, 508 (E.D.N.Y.2011)) ("[I]n the context of a motion to dismiss, district courts in this Circuit have therefore found that complaints sufficiently allege employment" only "*when they state where the plaintiffs worked, outline their positions, and provide their dates of employment.*") (emphasis added).

Plaintiffs also fail to even suggest that they have any knowledge of W & L Group's principal place of business or the address/location of the company's offices. *See Id.*; Compl. ¶ 9. Plaintiffs merely plead that W & L Group is "a domestic corporation in the [c]onstruction industry in the City and State of New York, County of Kings" and "is an employer and an enterprise in commerce or in the production of goods for commerce as those phrases are defined in the FLSA." *See* Compl. ¶ 9 (internal quotation marks omitted).

Plaintiffs further allege that they were paid on a weekly basis during their alleged employment with "Defendants" but "Defendants" "failed to pay minimum wage and overtime at a rate of one and one-half times the minimum wage after forty hours per week." *See* Compl. ¶¶ 13, 15, 17. However, Plaintiffs have not sufficiently pled an employer-employee relationship with W & L Group, and their contention that W & L Group failed to pay them overtime is not supported by the facts.

### 1. Plaintiffs Fail to Plead that W & L Group Had Formal Control Over Them

First, Plaintiffs fail to put forth any evidence that W & L Group had the authority to hire and fire them and instead assert boilerplate recitations of the formal control test. *See Hugee v. SJC Group, Inc.*, No. 13 Civ. 0423(GBD), 2013 WL 4399226, at * 4-5 (S.D.N.Y. Aug. 14, 2013) ("finding no employer status for purposes of the FLSA where the defendant company 'had no role in the initial decision to employ [plaintiffs] and 'did not fire any [plaintiffs] directly.'"). Plaintiffs do not even allege whether W & L Group hired and/or fired them. *See generally* Compl.

Second, Plaintiffs have not set forth any factual allegations that W & L Group specifically supervised and controlled Plaintiffs' work schedules or conditions of employment. *See Hugee*, 2013 WL 4399226, at * 5. Incredibly, Plaintiffs fail to state who gave them day-to-day instructions about assignments or their schedules (and subsequent changes, if any) and do not allege that they specifically worked under the supervision of W & L Group or any of its employees at any point in time.[5] In fact, all Plaintiffs are able to muster is as follows:

> "Plaintiffs were otherwise subject to the control, policies and procedures of Defendants in making decisions in the course of their employment." *See* Compl. ¶ 21.

> "Defendants monitored Plaintiffs' compliance with its guidelines, procedures, and policies by periodically reviewing Plaintiffs' work performance, and by sending supervisors and individuals from management to periodically observe them." *See* Compl. ¶ 22.

However, Plaintiffs cannot state what the relationship between "their supervisors", "individuals from management," and W & L Group is. Plaintiffs also cannot identify the name of the

---

[5] It must be highlighted that no names of W & L Group's alleged supervisors or managers are provided by Plaintiffs. If Plaintiffs were indeed actually employed by W & L Group for as long as they allege (ie, from 4 to more than 8 years), it would be absurd and ludicrous that they do not even know their direct supervisors' or managers' names.

"supervisor" or "individual from management" who Plaintiffs had to report to or were monitored/observed by. Therefore, W & L Group's motion to dismiss for failure to state a claim must be granted because Plaintiffs have utterly fail to plead sufficient facts to demonstrate an employer-employee relationship between Plaintiffs and W & L Group, and fail to even suggest that W & L Group "possessed the power to control" Plaintiffs. *See Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999).

Third, Plaintiffs do not allege with any specificity whether W & L Group determined the rate and method of payment to Plaintiffs. "[T]he key question is whether [the alleged employer] had the authority to sign paychecks through the relevant [employment] period." *Herman*, 172 F. 3d at 140; *see Hugee*, 2013 WL 4399226, at * 7. Plaintiffs merely allege that they were paid on a weekly basis during their employment with "Defendants" and that W & L Group "failed to pay minimum wage and overtime at a rate of one and one-half times the minimum wage after forty hours per week" *See* Compl. ¶¶ 13, 15, 17. However, Plaintiffs do not specifically allege that W & L Group determined their rates and method of payment. The only allegation that Plaintiffs specifically bring against W & L Group is that W & L Group did not pay Plaintiffs overtime without alleging how W & L Group controlled and/or employed them to even trigger the overtime claim in the first place.

Fourth, Plaintiffs fail to allege that W & L Group needed to maintain Plaintiffs' employment records, including personnel files, pay stubs, and government employment forms. As explained repeatedly above, Plaintiffs automatically assumes that there is an employment-employee relationship between Plaintiffs and W & L Group, without sufficiently and factually pleading same, which is required in order to survive the instant motion to dismiss. *See Hugee*, 2013 WL 4399226, at * 7.

In short, it is overwhelmingly clear that Plaintiffs have not met the requirements of the "economic realities test." *See Sampson*, 2012 WL 3027838, at *4 (dismissing FLSA claims where "[t]here [were] no facts that indicate that [the defendant] had any direct role" in: (1) hiring or firing the plaintiffs, (2) supervising or controlling their work schedules, (3) controlling the plaintiffs' conditions of employment, or (4) determining their rate and method of payment).

Indeed, aside from formulaic recitations of the economic realities test, nowhere does Plaintiffs allege with any factual details that W & L Group had the power to hire and fire them, supervise or control their work, determined their rates of pay, or maintain their employment records. *See* Compl. ¶¶ 8, 11-17, 21-22.

### 2. Plaintiffs Also Fail to Plead that W & L Group Had Functional Control Over Them

In this case, the Complaint "contains so little detail as to effectively disable the Court from applying the *Zheng* or other functional factors" to determine whether W & L Group had functional control over Plaintiffs. *See Yeh*, 2019 WL 633355 at *8. For example, the Complaint fails to appropriately address any of the following *Zheng* factors, which are critical to finding whether W & L Group was an employer under the functional control test:

> (1) whether W & L Group's premises and equipment were used for the Plaintiffs' work;
>
> (2) whether Plaintiffs shifted from W & L Group's premises to that of another;
>
> (3) the extent to which the work performed by Plaintiffs was integral to the overall business operation;
>
> (4) whether Plaintiffs' work responsibilities remained the same regardless of where they worked;
>
> (5) the degree to which W & L Group or its employees supervised Plaintiffs' work; and

> (6) whether Plaintiffs worked exclusively or predominantly for only W & L Group.

**To reiterate, Plaintiffs are only able to plead that W & L Group "is a domestic corporation operating in the [c]onstruction industry in the City and State of New York, County of Kings" and that "Defendants employed Plaintiffs as full-time [c]onstruction workers from at least February 2011 until [the] present time. Plaintiffs' duties included all work[] required by a construction worker."** See Compl. ¶¶ 9, 11 (emphasis added). As the Court can readily observe, such bare-bones allegations are not even close to addressing any of the first 4 factors of the *Zheng* test. With respect to W & L Group's supervision of Plaintiffs' work (the fifth factor of the *Zheng* test), Plaintiffs' allegation completely mirrors the language set forth in the functional test. ("Defendants monitored Plaintiffs' compliance with its guidelines, procedures, and policies by periodically reviewing Plaintiffs' work performance, and by sending supervisors and individuals from management to periodically observe them.") Specifically, Plaintiffs' allegation sets forth no factual explanation or detail as to: (i) the degree of direct supervision and control that W & L Group had over Plaintiffs, (ii) Plaintiffs' supervisors' relationship with W & L Group, and (iii) whether W & L Group controlled their work and/or pay. See Compl. ¶ 22. Finally, besides their boilerplate allegations, Plaintiffs also fail to address the sixth factor as to whether Plaintiffs worked exclusively or predominantly for only W & L Group.

As such, Plaintiffs failed to satisfy their burden to plead that W & L Group had functional control over them because they did not sufficiently address the above-referenced factors to weigh in favor of finding an employer-employee relationship between W & L Group and Plaintiffs.

Accordingly, the Court should dismiss the claims against W & L Group because Plaintiffs failed to plead that W & L Group employed them.

## **CONCLUSION**

WHEREFORE, based upon the foregoing, W & L Group respectfully requests that its Motion to Dismiss be granted in its entirety along with such other and further relief as the Court deems just and proper.

Dated: August 6, 2019
      New York, New York

/s/ Kevin K. Yam
Kevin K. Yam
LITTLER MENDELSON
  A Professional Corporation
900 Third Avenue
New York, NY 10022.3298
212.583.9600
kyam@littler.com
*Attorneys for Defendant W & L Group Construction Inc.*