UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
JUAN CARLOS TORRES IBARRA, *et al.*,

                     Plaintiffs,

        - against -

W&L GROUP CONSTRUCTION INC., *et al.*,

                     Defendants.
--------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

1:19-CV-01582 (AMD) (SMG)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ NOV 8 2019 ★
BROOKLYN OFFICE

**ANN M. DONNELLY,** United States District Judge:

       On March 19, 2019, the plaintiffs filed this action on behalf of themselves and other similarly situated persons, against W & L Group Construction Inc. and twenty-five John Doe defendants. (ECF No. 1.) The plaintiffs allege that the defendants failed to pay them minimum wage and overtime as required by the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law §§ 650 *et seq.*, and failed to furnish accurate wage statements in violation of New York Labor Law § 195. (*Id.* ¶ 1.) On August 6, 2019, the defendant company, W & L Group Construction, moved to dismiss the complaint for failure to state a claim. (ECF No. 17.) For the following reasons, the defendant's motion to dismiss is granted.

### BACKGROUND[1]

       The named plaintiffs are New York residents and construction workers by trade. (ECF No. 1 ¶¶ 8, 11.) They allege that they were full-time employees of the defendant company, and worked at least sixty-six hours a week during their respective terms of employment: January 2014 through August 2018 for Juan Carlos Torres Ibarra, April 2014 through June 2018 for Felix

---

[1] For purposes of this motion, I accept as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Town of Babylon v. Fed Hous. Fin. Agency,* 699 F.3d 221, 227 (2d Cir. 2012).

1

Argenis Argulo Diaz, and February 2011 through the present for Reynaldo Martinez Cortez. (*Id.* ¶¶ 12, 14, 16.) The plaintiffs claim that they were "subject to the control, policies and procedures of the [the] defendants," and that the "[d]efendants monitored the [p]laintiffs' compliance with its guidelines, procedures, and policies by . . . reviewing" and evaluating their work. (*Id.* ¶¶ 21, 22.) They were paid between $360.00 and $480.00 per week, and allege that the defendants did not pay them minimum wage and overtime at a rate of one and a half times the minimum wage after forty hours worked per week. (*Id.* ¶¶ 13, 15, 17.)

## STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The alleged facts must "raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 556. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Pleadings must be construed in the light most favorable to the plaintiff. *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

## DISCUSSION

A party must be an employer to be liable under the FLSA and NYLL. An employer is "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203(d); *see also Hart v. Rick's Cabaret Int'l Inc.*, No. 09-CV-3043, 2010 WL 5297221, at *2 (S.D.N.Y. Dec. 20, 2010) ("[T]he standards by which a court determines whether an entity is an "employer" under the FLSA also govern that determination under the New York labor law.") "[T]he determination of whether an employer-employee

2

relationship exists for purposes of the FLSA [and NYLL] should be grounded in 'economic reality rather than technical concepts.'" *Barfield v. N.Y.C. Health & Hosp. Corp.*, 537 F.3d 132, 141 (2d Cir. 2008) (quoting *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961)).

Courts look at "the totality of the circumstances" to determine whether an employer-employee relationship exists, and a determination is made "on a case-by-case basis." *Barfield*, 537 F.3d at 141-42 (citing *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 n.1 (2d Cir. 1984)). Relevant factors include whether the party (1) has the power to hire and fire employees, (2) supervises and controls employee work schedules or conditions of employment, (3) determines the rate and method of payment, and (4) maintains employment records. *Velez v. Sanchez,* 693 F.3d 308, 326 (2d Cir. 2012) (citations omitted.)

The plaintiffs' allegations do not survive a motion to dismiss. The plaintiffs' claim that the "[d]efendants employed the [p]laintiffs as full-time [c]onstruction workers" (ECF No. 1 § 11) is a legal conclusion. *See Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 76 (2d Cir. 2003) ("[T]he ultimate decision as to whether a party is an employer . . . is a legal conclusion[.]") (citation omitted). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal,* 556 U.S. at 678. Without further factual detail, the Court need not accept the plaintiffs' claim as true.

Nor can the Court infer an employer-employee relationship based on the rest of the plaintiffs' allegations. The plaintiffs claim that they were "subject to the control, policies and procedures of [the] defendants," and that the "[d]efendants monitored [their] compliance with its guidelines, procedures, and policies by . . . reviewing" and evaluating their work. (ECF No. 1 ¶¶ 21-22.) These allegations include little if any factual detail, and are too vague and conclusory to establish a claim for relief. *See Peng Bai v. Fu Xing Zhuo*, No. 13-CV-05790, 2014 WL

2645119, at *3 (E.D.N.Y. June 13, 2014) (collecting cases demonstrating that a mere recitation of the economic reality test without any supporting details is insufficient to survive a motion to dismiss).

The plaintiffs argue that there will be "ample time [in] discovery" to establish whether there is an employer-employee relationship. (ECF No. 19 at 4.) But a party should not expect to use discovery to determine whether there is a basis for a lawsuit. "[I]n the context of a motion to dismiss, district courts in this Circuit have . . . found that complaints sufficiently allege employment when they state where the plaintiffs worked, outline their positions, and provide their dates of employment." *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 91 (2d Cir. 2013) (citing *DeSilva v. North Shore–Long Island Jewish Health Sys.*, 770 F.Supp.2d 497, 508 (E.D.N.Y. 2011)). While the plaintiffs claim that they worked for the defendant company, they include no factual detail about what they did; they do not identify any project location or work assignment, or describe their individual job responsibilities or day-to-day tasks. They do not identify a single employment policy, name any individual supervisor,[2] or allege when and how they were paid. Accordingly, the plaintiffs' complaint is dismissed for failure to state a claim.

## CONCLUSION

The defendant's motion to dismiss the plaintiff's complaint is granted. The plaintiffs' complaint is dismissed without prejudice to their filing of an amended complaint within thirty days of this order. In the amended complaint, the plaintiffs should provide facts to support a plausible claim that the defendants employed them, and that the plaintiffs worked specific weeks without receiving sufficient compensation or overtime. The case is stayed for thirty days.

---

[2] The plaintiffs named twenty-five John Doe defendants in the caption of their complaint. (ECF No. 1 at 1.) However, when identifying the parties, they name only "John Does 1-14." (*Id.* ¶ 10.)

**SO ORDERED.**

                                                      s/Ann M. Donnelly
                                            _____
                                            Ann M. Donnelly
                                            United States District Judge

Dated: Brooklyn, New York
       November 8, 2019