

**Littler Mendelson, P.C.**
900 Third Avenue
New York, NY 10022.3298

Kevin K. Yam
212.583.2674 direct
212.583.9600 main
kyam@littler.com

December 4, 2019

**VIA ECF**
Hon. Ann Donnelly, U.S.D.J.
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Juan Carlos Torres Ibarra, et al. v. W & L Group Construction Inc., et al.**
**Case No. 1:19-cv-01582-AMD-SMG (E.D.N.Y.)**

Dear Judge Donnelly:

This firm represents Defendant W & L Group Construction Inc. ("W & L Group") in the above-referenced matter. Per Your Honor's Individual Rule 4.A.i, W & L Group submits this letter motion to request a pre-motion conference in connection with its anticipated motion to dismiss the Amended Complaint under Federal Rules of Civil Procedure Rule ("Rule") 12(b)(6).

## I. Preliminary Statement and Relevant Pleaded Facts

As Your Honor is aware, Plaintiffs filed their original complaint against W & L Group on March 19, 2019, alleging the following causes of action: (1) violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for failure to pay minimum wage, (2) violation of the FLSA and NYLL for failure to pay overtime, and (3) violation of the NYLL for failure to provide wage statements. Dkt. 1. On September 18, 2019, W & L Group fully briefed its motion to dismiss Plaintiffs' complaint. *See* Dkts. 16, 17, 19, 20. On November 8, 2019, Your Honor granted W & L Group's motion to dismiss and instructed Plaintiffs to "provide facts to support a plausible claim that [W & L Group] employed them, and that [P]laintiffs worked specific weeks without receiving sufficient compensation or overtime." Dkt. 23.

In their Amended Complaint, Plaintiffs maintain the same causes of action as they alleged in the original complaint. Despite the Court's guidance in its November 8, 2019 Order, Plaintiffs are only able to muster the following insufficient allegations to support their claims:

- Plaintiffs add another plaintiff, Martimiano Ramirez Garcia, to the Amended Complaint, but do not plead any specific details concerning his claim that he was "employed" by W & L Group and owed overtime. Regardless, this Court has no subject matter jurisdiction over his alleged FLSA (federal law) claims as the maximum 3-year statute of limitations has run (since he claims that W & L Group last employed him in December 2015). Compl. ¶¶ 29-30.
- Plaintiffs assert that "Defendants[1] employed Plaintiffs as full-time [c]onstruction workers from at least February 2011 until present time." Compl. ¶ 11.

[1] Plaintiffs, again, do not allege that W & L Group specifically employed, paid, and/or scheduled them for their work and conflates Defendants to include "John Does 1-25," who are not pleaded with any factual detail and appear to be unknown to Plaintiffs.

- "Defendants" allegedly paid Plaintiffs approximately $360.00 or $480.00 per week and failed to pay minimum wage and overtime at a rate of one and one-half times the minimum wage after forty hours per week. Compl. ¶¶ 24, 26, 28, 30.
- Without any factual allegations of supervision or control, Plaintiffs allege that they were picked up and dropped off by a van identified with W & L Group lettering. Compl. ¶¶ 13, 21.
- Plaintiffs claim that "Defendant's employees 'Archer' and 'Thomas' were in charge of bringing [P]laintiffs to a particular job site each day." Compl. ¶ 17.
- Plaintiffs allege that they "were always paid in cash for each day worked, which was always given to them by an employee[2] of the defendant at the end of each week." Compl. ¶ 22.

Despite these new allegations, Plaintiffs' bare-bones and boilerplate 19-page Amended Complaint must be dismissed because they have failed to plead any facts that W & L Group was their employer. Accordingly, Plaintiffshave no standing to pursue their claims against W & L Group.

**II. <u>Legal Standard</u>**

In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The required pleading standard is applicable to claims brought under the FLSA and, where a complaint does not contain factual allegations sufficient to demonstrate the liability of a defendant as an employer of the plaintiffs, dismissal of the complaint is warranted. *See Bai v. Zhuo*, No. 13 Civ. 05790(ILG)(SMG), 2014 WL 2645119, at *5 (E.D.N.Y. June 13, 2014).

**III. <u>This Court Does Not Have Subject Matter Jurisdiction Over Plaintiff Garcia's Claims</u>**

Based on Plaintiffs' own allegations, Plaintiff Garcia was last "employed" by W & L Group on or about December 2015. Plaintiff Garcia did not file his claims against W & L Group until the Amended Complaint on November 20, 2019 (after the 3-year FLSA statute of limitations has run). Accordingly, Plaintiff Garcia's claims must be dismissed from this federal court lawsuit due to a lack of subject matter jurisdiction. *See McBeth v. Gabrielli Truck Sales, Ltd.*, 768 F. Supp. 2d 396, 400 (E.D.N.Y. 2011) ("The longest applicable limitations period to plaintiffs' FLSA claim is three years if willful violations are established. 29 U.S.C. § 255(a).").

**IV. <u>Plaintiffs Fail to Plead That W & L Group Employed Them</u>**

Only an "employer" can be liable for violations of the FLSA and the NYLL. The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to the employee." 29 U.S.C. § 203(d).[3] The definition of "employ" under the FLSA "includes to suffer or permit to work." *Id*. The Second Circuit has held that "the determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in 'economic reality rather than technical concepts," determined by reference not to 'isolated factors, but rather upon the circumstances of the whole activity.'" *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 141

[2] Despite claiming to have worked for W & L Group ranging from *4 to 10 years*, Plaintiffs cannot muster the name of their supervisor or the "employee of defendant" who provided payments to them. Further, Plaintiffs do not even specifically state that an employee of W & L Group provided the cash payments to them as Plaintiffs have never defined "defendant" or "Defendant".

[3] Courts have applied the same analysis to determine if an entity or individual is an "employer" under the FLSA as NYLL. *Wolman v. Catholic Health Sys. of Long Island, Inc.*, 853 F. Supp. 2d 290, 296 n.4 (E.D.N.Y. 2012).

(2d Cir. 2008).[4] An employment relationship exists under the FLSA when the "economic reality" is such that the "alleged employer possessed the power to control the workers in question." *Herman v. RSR Sec. Servs. Ltd*., 172 F.3d 132, 139 (2d Cir. 1999).

To determine whether a particular defendant was an "employer" under the FLSA and NYLL, the Second Circuit has set forth four factors describing formal control by an employer. These factors are "whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess County Community College*, 735 F. 2d 8, 12 & n.3 (2d Cir. 1984). "[N]o one of the four factors standing alone is dispositive. *Id.* ***Here***, it is clear that Plaintiffs have not met the requirements of the "economic realities test." Indeed, despite the Court's clear instructions, Plaintiffs do not allege with any factual details that W & L Group had the power to hire and fire them, supervise or control their work, determined their rates of pay, or maintain their employment records. *See* Compl. ¶¶ 11-22, 31-35. Moreover, Plaintiffs are silent about what work they performed and do not describe their individual job responsibilities or day-to-day tasks. Finally, Plaintiffs do not identify a single employment policy, name any individual supervisor (who assigned them responsibilities and tasks, despite alleging that they worked for W & L Group from *4 to 10 years*), or allege when and how they were specifically paid by W & L Group. *See* Dkt. 23, p. 4.

A defendant may also be characterized as an "employer" for FLSA purposes if it exercises functional control over the workers in question. Under the functional control test, courts will consider "(1) whether the alleged employer's premises and equipment were used for the Plaintiffs' work; (2) whether Plaintiffs shifted from one putative joint employer's premises to that of another; (3) the extent to which the work performed by Plaintiffs was integral to the overall business operation; (4) whether Plaintiffs' work responsibilities remained the same regardless of where they worked; (5) the degree to which the alleged employer or its agents supervised Plaintiffs' work, and (6) whether Plaintiffs worked exclusively or predominantly for one Defendant." *Zheng v. Liberty Apparel Co*., 355 F.3d 61, 71–72 (2d Cir.2003). ***Here***, the Complaint "contains so little detail as to effectively disable the Court from applying the *Zheng* or other functional factors" to determine whether W & L Group had functional control over Plaintiffs. *Yeh v. Han Dynasty, Inc.*, Case No. 1:18-cv-06018-PAE, 2019 WL 633355, at *8 (S.D.N.Y. Feb. 14, 2019). Such bare-bones allegations are not even close to addressing any of the first 4 factors of the *Zheng* test. With respect to W & L Group's supervision of Plaintiffs' work (the fifth factor of the *Zheng* test), Plaintiffs' allegation that "Defendants monitored Plaintiffs' compliance with its guidelines, procedures, and policies by periodically reviewing Plaintiffs' work performance, and by sending supervisors and individuals from management to periodically observe them" sets forth no factual explanation or detail as to their supervisors' relationship with W & L Group and whether W & L Group controlled their work and/or pay. Compl. ¶ 35. Finally, Plaintiffs also fail to address the sixth factor as to whether Plaintiffs worked exclusively or predominantly for only W & L Group. Accordingly, it is undisputed that Plaintiffs failed to satisfy their burden to plead that W & L Group had functional control over them.

[4] "[B]ecause the FLSA and New York Labor Law employ similar standards with respect to employment status, [the economic reality] test has been used to analyze both federal and state wage claims." *Cannon v. Douglas Elliman. LLC*, No. 06 Civ. 7092, 2007 WL 4358456, at *4 (S.D.N.Y. Dec. 10, 2007).

**V. Conclusion**

Based upon the foregoing, W & L Group respectfully requests a pre-motion conference for permission to file its anticipated motion to dismiss the Amended Complaint due to Plaintiffs' failure to state a cause of action against it under Rule 12(b)(6).

Respectfully submitted,

/s/ Kevin K. Yam

Kevin K. Yam

Cc: David A. Feinerman, Esq., Attorney for Plaintiffs (Via ECF)