UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

**JUAN CARLOS TORRES IBARRA,**
**FELIX ARGENIS ARGULO DIAZ,**
**REYNALDO MARTINEZ CORTEZ,** and
**MARTIMIANO RAMIREZ GARCIA,**
individually and on behalf of all others similarly
situated,

         Plaintiffs,

    **-** against **-**

**W&L GROUP CONSTRUCTION INC.** and
**JOHN DOES** # 1-25,

         Defendants.

----------------------------------------------------------------X

**MEMORANDUM DECISION**
**AND ORDER**
19-CV-01582 (AMD) (SMG)

**ANN M. DONNELLY,** United States District Judge:

    The plaintiffs brought this action on behalf of themselves and other similarly situated

persons, against W & L Group Construction Inc. ("W & L Group") and twenty-five John Doe

defendants, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and the

New York Labor Law §§ 650 *et seq.* (ECF No. 1.) On August 6, 2019, W & L Group moved to

dismiss the complaint for failure to state a claim. (ECF No. 17.) I granted W & L Group's

motion but gave the plaintiffs leave to amend, which they did on November 20, 2019. (ECF

Nos. 23, 25.) On March 19, 2020, W & L Group moved to dismiss the amended complaint.

(ECF No. 30.) For the following reasons, the motion to dismiss is denied.

**BACKGROUND**[1]

    The named plaintiffs are New York residents and construction workers by trade. (ECF

No. 25 ¶¶ 8, 11.) They allege that they were full-time employees of W & L Group and worked at

---

[1] For purposes of this motion, I accept as true the factual allegations in the amended complaint and draw
all reasonable inferences in the plaintiffs' favor. *See Town of Babylon v. Fed Hous. Fin. Agency*, 699
F.3d 221, 227 (2d Cir. 2012).

various job sites in Queens, including 132-10 Pople Avenue, Flushing, New York; 36-26 Main Street, Flushing, New York and 42-29 Main Street, Flushing, New York.  (*Id*. ¶¶ 11-12, 14.)  The plaintiffs claim that W & L Group assigned them "employee numbers" and classified them as "moveable employees," meaning that they "were moved around from jobsite to jobsite via company vans."  (*Id*. ¶ 16.)  They allege that each workday, a van identified with "W & L Group Construction Inc." lettering and driven by W & L Group employees "Archer" and "Thomas" would pick up the plaintiffs at a "central site" and take them "to a particular jobsite to work."  (*Id*. ¶¶ 13, 17.)  According to the plaintiffs, the "[d]efendant had actual and functional control over the plaintiffs as it made all decisions as to place of work, duties to be performed and the hours worked" (*id*. ¶ 20); their workday ended when the vans that picked the plaintiffs up in the morning returned them to the same central location (*id*. ¶ 21).

Each plaintiff alleges that he worked at least sixty-six hours a week during his respective term of employment: February 2011 through the present for Reynaldo Martinez Cortez, April 2014 through June 2018 for Felix Argenis Argulo Diaz, January 2014 through August 2018 for Juan Carlos Torres Ibarra, and August 2005 through December 2015 for Martimiano Ramirez Garcia.  (*Id.* ¶¶ 23, 25, 27, 29.)  The plaintiffs were paid between $360.00 and $480.00 in cash each week; an "employee of the defendant" distributed the cash in envelopes "professionally printed" with the "defendant-employer's name."  (*Id*. ¶¶ 22, 24, 26, 28, 30.)  The plaintiffs allege that the defendants did not pay them minimum wage or overtime at a rate of one and a half times the minimum wage after forty hours worked per week, in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").  (*Id.* ¶¶ 1, 4, 5.)  They also allege a violation of the NYLL for failure to provide wage statements.

## STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Id.* at 679.  The alleged facts must "raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 556.  "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.  Pleadings must be construed in the light most favorable to the plaintiff.  *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

## DISCUSSION

A party must be an employer to be liable under the FLSA and NYLL.  I dismissed the complaint because the plaintiffs did not plead sufficient facts to "support a plausible claim that the defendants employed them, and that the plaintiffs worked specific weeks."  (ECF No. 23 at 4); (*see also id.* at 6 ("[W]hile the plaintiffs claim that they worked for the defendant company, they include no factual detail about what they did; they do not identify any project location or work assignment, or describe their individual job responsibilities or day-to-day tasks. They do not identify a single employment policy, name any individual supervisor, or allege when and how they were paid.").)

W & L Group argues that the amended complaint still does not adequately allege an employee-employer relationship between it and the plaintiffs.  (ECF No. 31 at 12.)  Specifically, the defendant contends that the amended complaint "merely describes how W & L Group

3

allegedly provided transportation services to Plaintiffs so that they could travel to their job sites," but does not include any facts to establish that W & L Group had control over the plaintiffs' employment.  (*Id.* at 14.)  W & L Group also argues that the amended complaint does not resolve any of the deficiencies identified in my previous order; the plaintiffs have not named their supervisors or explained how W & L Group controlled their work, set their schedules, or determined their rate of pay.  (*Id.* at 15-18.)  Finally, W & L Group says that the newly added plaintiff, Garcia, should be dismissed from the action because his FLSA clams are time-barred by the three-year statute of limitations.  (*Id.* at 19.)  I address each argument in turn.

## I.     The Amended Complaint Adequately Pleads that W & L Group Employed the Plaintiffs.

An employer is "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]"  29 U.S.C. § 203(d); *see also Hart v. Rick's Cabaret Int 7 Inc.*, No. 09-CV-3043, 2010 WL 5297221, at *2 (S.D.N.Y. Dec. 20, 2010) ("[T]he standards by which a court determines whether an entity is an 'employer' under the FLSA also govern that determination under the New York labor law.").  "The Supreme Court has emphasized the 'expansiveness' of the FLSA's definition of employer."  *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (citing *Falk v. Brennan,* 414 U.S. 190, 195 (1973)).  "[T]he remedial nature of the statute further warrants an expansive interpretation of its provisions so that they will have 'the widest possible impact in the national economy.'"  *Id.* (quoting *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir.1984).  Therefore, "the determination of whether an employer-employee relationship exists for purposes of the FLSA [and NYLL] should be grounded in 'economic reality rather than technical concepts.'"  *Barfield v. N.Y.C. Health & Hosp. Corp.*, 537 F.3d 132, 141 (2d Cir. 2008) (quoting *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961)).

Courts look at "the totality of the circumstances" to determine whether an employer-employee relationship exists, and a determination is made "on a case-by-case basis." *Barfield*, 537 F.3d at 141-42 (citing *Carter*, 735 F.2d at 12 n.1).  Relevant factors include whether the alleged employer "(1) had the power to hire and fire the employee, (2) supervised and controlled the employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry v. Catsimatidis*, 722 F. 3d 99, 104-105 (2d Cir. 2013).  No one factor is dispositive, and the test does not require employers to exercise "absolute control" over the work of their employees.  *Herman*, 172 F.3d at 139; *see also Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 72 (2d Cir. 2003) (a court may "consider any other factors it deems relevant to its assessment of the economic realities").  "The ultimate question is whether the putative employee is economically dependent on the putative employer." *Velu v. Velocity Exp., Inc.*, 666 F. Supp. 2d 300, 306 (E.D.N.Y. 2009).

The amended complaint is still somewhat vague and conclusory, but includes additional allegations about the plaintiffs' relationship with W & L Group, and "nudge[s] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  The plaintiffs allege that W & L Group employed them as "movable employees" and assigned them a W & L Group "employee number."  (ECF No. 25 ¶¶ 12, 16.)  They further allege that W & L Group controlled their hours and work location by transporting them from a central location to their worksite each day in a van marked "W & L Group Construction Inc." and returning them to that central location each evening when they had completed that day's work.  (*Id.* ¶¶ 13, 17-21.)  Moreover, the plaintiffs allege that they were not allowed to go to the worksite on their own, and that W & L Group made all decisions about where they worked, what their duties were, and how many hours they worked.  (*Id.* ¶¶ 18, 20.)  The amended complaint also lists specific locations

5

where the W & L Group assigned the plaintiffs to work.  (*Id.* ¶ 14.)  The plaintiffs further allege

that W & L Group controlled the rate and manner of their pay, and that the plaintiffs were paid in

cash each week, in envelopes marked with each plaintiff's name and an official W & L Group

stamp and distributed by an W & L Group employee.  (*Id*. ¶ 22.)  Based on these facts and

considering the totality of the circumstances, I can reasonably infer that W & L Group is the

plaintiffs' employer.  *See Iqbal*, 556 U.S. at 678.

**II.     Plaintiff Garcia can move forward on his NYLL claims that are not time-barred.**

The amended complaint adds a fourth plaintiff: Martimiano Ramirez Garcia, who

allegedly worked 70 hours a week for the defendant from 2005 to 2015.  (ECF No. 25 ¶ 29.)  The

defendant seeks to dismiss Garcia because his FLSA claims are time-barred.  (ECF No. 31 at

19.)

The FLSA has a three-year statute of limitations for willful violations.  29 U.S.C. § 216.

The amended complaint was filed on November 20, 2019, and thus Garcia's FLSA claims are

time-barred.  However, his claims are not barred by the NYLL, which has a six-year statute of

limitations.  N.Y. Lab. Law § 198(3).  Garcia can recover for any violation of the NYLL that

occurred after November 20, 2013.

Although the defendant is correct that the Court is not required to exercise supplemental

jurisdiction over Garcia's state law claims, 28 U.S.C. § 1367 allows a court to exercise

supplemental jurisdiction even after federal claims are dismissed if the state law claims are based

on the same case and controversy.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)

("[W]hen a court grants a motion to dismiss for failure to state a federal claim, the court

generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367,

over pendent state-law claims.").  "Once a district court's discretion is triggered under

§ 1367(c)(3), it balances the traditional 'values of judicial economy, convenience, fairness, and

comity,' in deciding whether to exercise jurisdiction." *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).  Garcia's NYLL claims are based on the same operative facts as the other plaintiffs' FLSA and NYLL claims—that the defendants did not pay the plaintiffs the lawful minimum wage and overtime.  The values of "judicial economy, convenience, fairness, and comity" would not be served by forcing this single plaintiff to bring a second lawsuit in state court when it is likely that his claims could be resolved in this Court.  Accordingly, I will not dismiss Garcia's NYLL claims.

## CONCLUSION

For the reasons stated above, the defendant's motion to dismiss the amended complaint is denied.  The defendant is directed to answer the amended complaint no later than December 22, 2020.  This case is respectfully referred to Magistrate Judge Steven M. Gold for further pre-trial management.

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
     December 8, 2020